# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID D. INGWERSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:09CV249 |
| vs. | ) | |
| | ) | MEMORANDUM AND ORDER |
| PLANET GROUP, INC. and | ) | |
| WEST PARTNERS LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| PLANET GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:09CV263 |
| vs. | ) | |
| | ) | MEMORANDUM AND ORDER |
| DAVID D. INGWERSEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on David Ingwersen's ("Ingwersen") Motion to Extend Deposition Deadline (Doc. 71)[1], and the response filed by Planet Group and West Partners LLC ("Opposing Parties") (Docs. 80 & 81). Counsel have complied with the requirements of NECivR 7.0.1(i). The court finds that the Opposing Parties' objection should be sustained.

## BACKGROUND

The record shows that counsel conferred on September 23, 2009 and were free to serve discovery requests after that date. *See* Fed. R. Civ. P. 26(d). That point was memorialized in the initial progression order entered on September 30, 2009 (Doc. 17). After a planning conference with the undersigned on January 14, 2010, the deposition deadline was set for

---

[1] The references to document numbers in this Memorandum and Order are to documents filed in the lead case, 8:09-cv-249.

August 31, 2010 (Doc. 29).  By order entered July 27 at the parties' joint request, the deposition deadline was extended to September 24, 2010 (Doc. 58).

Apparently, Ingwersen has not yet taken any depositions in this litigation.  He filed the instant motion on the deposition deadline, e.g., September 24, 2010, advising that discovery was not complete, he wanted to take at least two Rule 30(b)(6) depositions, and the parties had scheduled depositions beyond the September 24 deadline; therefore, the deposition deadline should be generally extended another 60 days, to November 24, 2010.

The Objecting Parties filed a detailed response and evidence index (Docs. 80 & 81) showing that on September 8, 2010, Ingwersen's attorneys had requested the depositions of four individuals and advised that Ingwersen may want to depose one Dennis O'Brien and take the Rule 30(b)(6) depositions of Planet Group and West Partners after the September 24 deadline. (Doc. 81-1, Aff. of Brenda George).  The Opposing Parties promptly responded in writing, advising that they would not agree to any extensions that would result in delaying the final pretrial conference or the trial.  Nor would the Opposing Parties agree to waiting until the court ruled on a pending motion for summary judgment.  They wanted Ingwersen to identify all persons to be deposed prior to the September 24 deadline. The Opposing Parties also requested information about the specific topics to be addressed in the Rule 30(b)(6) depositions so that they could designate the proper deponent. (Doc. 81-1, 9/10/2010 letter from Brenda George to Kevin McCoy).

Five days later, Ingwersen advised that they "normally specify that in the [Rule 30(b)(6)] deposition notice." (Doc. 81-1, Ex. B, 9/15/2010 letter from Kevin McCoy to Brenda George).  Counsel for Ingwersen did offer that they would probably want someone qualified to testify concerning the Opposing Parties' claims and affirmative defenses.  No formal notices would be sent until they had established dates.  While some topics were vaguely described, the September 15 letter fell far short of providing the notice to the Opposing Parties contemplated by Rule 30(b)(6).

By letter dated September 17, 2010, the Opposing Parties again requested specific topics for the Rule 30(b)(6) depositions so that they could identify the people who would testify on the specific topics. Opposing counsel also offered to contact the appropriate individuals regarding their availability over the next month, once the topics were identified. (Doc. 81-1, Ex. C, 9/17/2010 letter from Brenda George to Kevin McCoy).

On the morning of September 23, 2010, however, Ingwersen's attorney forwarded to opposing counsel a draft stipulated motion to extend the deposition deadline. That afternoon, opposing counsel responded by e-mail confirming that the Opposing Parties had agreed that the depositions of Joe Hartnett, John Morey, Merri Wees and Mike Wofford could be taken past the deadline, since these individuals were identified and their depositions set prior to the September 24 deadline. Since Ingwersen had not provided any specific topics for the Rule 30(b)(6) depositions prior to the September 24, 2010 deadline, the Opposing Parties were unable to designate the proper deponents and did not schedule the depositions. The Opposing Parties would not agree to extend the deposition deadline to November 24, 2010.

## DISCUSSION

Rule 16(b)(3) of the Federal Rules of Civil Procedure requires the United States District Courts to issue scheduling orders limiting the time "to join other parties, amend the pleadings, complete discovery, and file motions." The rule specifically provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

In this instance, the record does not demonstrate that Ingwersen acted diligently in attempting to complete depositions on or before the extended September 24, 2010 deadline. Nor has Ingwersen shown good cause for a general 60-day extension. Extending the deadline

as Ingwersen requests would impede the ability to prepare for the final pretrial conference and would likely result in delaying the trial.

For these reasons, the court finds that Ingwersen's motion should be denied; however, Ingwersen may conduct the depositions of Joe Hartnett, John Morey, Merri Wees and Mike Wofford as agreed to by opposing counsel.

**IT IS SO ORDERED.**

**DATED September 29, 2010.**

                                  **BY THE COURT:**

                                  **s/ F.A. Gossett, III**
                                  **United States Magistrate Judge**