IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID D. INGWERSEN,<br><br>        Plaintiff,<br><br>  v.<br><br>PLANET GROUP, INC. and WEST PARTNERS, LLC,<br><br>        Defendant. | **8:09CV249**<br><br>**ORDER** |
| PLANET GROUP, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>DAVID INGWERSEN,<br><br>        Defendant. | **8:09CV263**<br><br>**ORDER** |
| PLANET GROUP, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>DAVID INGWERSEN,<br><br>        Defendant. | **8:10CV453**<br><br>**ORDER** |

     This matter is before the magistrate judge on Planet Group's "Objection to Notice of Intention to Serve Rule 45 Records Subpoena" and Ingwersen's brief in opposition thereto.

     Upon the failure of settlement negotiations, Planet Group, Inc. sued David Ingwersen in state court on December 8, 2010 for breach of a Share Purchase Agreement executed November 28, 2007

in conjunction with the sale of Ingwersen's majority interest in OptiCard Payment Services, Inc., to Planet Group. Planet Group's newly-asserted causes of action are very closely related to the subjects of consolidated cases Nos. 8:09CV249 and 8:09CV263. The new case was removed to federal court December 13, 2010, approximately 15 minutes before the final pretrial conference was to be held in consolidated Cases Nos. 8:09CV249 and 8:09CV263. The new case, 8:10CV453, was then consolidated with the other two cases, trial was continued to April 12, 2011, and the new case was placed on an expedited discovery schedule. Discovery remains closed as to Cases Nos. 8:09CV249 and 8:09CV263, but the parties were given leave to conduct discovery "relating solely to the claims and defenses asserted" in Case No. 8:10CV453.

On January 7, 2010, David Ingwersen served notice of his intention to serve a Rule 45 Records Subpoena on Lutz & Company, PC for five categories of financial records pertaining to Planet Group, Inc. for fiscal years 2008, 2009 or 2010.[1]

Planet Group objects to the issuance of the subpoena, essentially complaining that Ingwersen failed to timely conduct similar discovery in Cases Nos. 8:09CV249 and 8:09CV263 and should not be allowed to obtain any discovery in Planet Group's newly-filed case that may also be relevant to the claims and defenses asserted in the two older cases. In its Objection, Planet Group states that it is "concerned" that Ingwersen is attempting to use the consolidation of Planet Group's new case to reopen discovery in Cases Nos. 8:09CV249 and 8:09CV263. Planet Group also argues that the documentation requested from Lutz & Company is irrelevant in its newly-filed case because Planet Group has not identified anyone from Lutz & Company as a potential witness or expert.

---

[1] Ingwersen advises that Lutz & Company is the accounting firm that audited Planet Group financials after its acquisition of OptiCard from Ingwersen. Lutz and Company has prepared Planet Group's annual financials and tax returns in the years following the acquisition.

Under Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party.  A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

The court finds that the documents described in Ingwersen's proposed subpoena are relevant to the claims and defenses raised in 8:10CV453, within the meaning of Fed. R. Civ. P. 26(b)(1).

Turning to Planet Group's "concern" that Ingwersen is attempting to reopen discovery in the two older cases, the court does recognize that Planet Group is the party who chose to file a new lawsuit in another court only five days before the final pretrial conference, and long after the deadline to amend the pleadings had expired in the two existing cases.

The court finds that Planet Group's objections are wholly without merit.

**IT IS ORDERED** that Planet Group's "Objection to Notice of Intention to Serve Rule 45 Records Subpoena" is denied.  Ingwersen's Rule 45 subpoena may issue forthwith.

**DATED January 25, 2011.**

                **BY THE COURT:**

                s/ F.A. Gossett, III
                **United States Magistrate Judge**